**John B. HOLMES, Individually and as District Attorney of Harris County, Texas, Appellant,**

v.

**Robert Young ECKELS, Appellee.**

**No. 01–86–00516–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 12, 1987.
Rehearing Denied May 20, 1987.

John B. Holmes, Jr., Harris County Dist. Atty., Ray Elvin Speece, Harris Co. Asst. Dist. Atty., Houston, for appellant.

T. Gerald Treece, Neil C. McCabe, Donna L. Valverde, Joe H. Reynolds, Reynolds, Allen & Cook, Houston, for appellee.

Before HOYT, DUNN and WARREN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from an order dismissing an action brought by the District Attorney of Harris County to remove the appellee, a county commissioner, from office. The sole issue in this appeal is whether the appellant as Harris County District Attorney was authorized to prosecute this removal suit.

Appellant, John B. Holmes, Jr., in his capacity as Harris County District Attorney and as a citizen of the State, filed an original petition on behalf of the State seeking removal of appellee from his office as County Commissioner for Precinct Three of Harris County, Texas, under Tex.Rev. Civ.Stat.Ann. arts. 5970 and 5976 (Vernon 1962).

Appellee filed an original answer and motion under Tex.R.Civ.P. 12 seeking dismissal, alleging that the Harris County District Attorney had no authority to prosecute a civil suit to remove a county commissioner under article 5970. The court granted appellee's motion, struck the appellant's pleadings, dismissed the suit, and awarded attorney's fees to appellee in the amount of $26,025. We affirm.

The appellant asserts in two points of error that the court's interpretation of Tex. Gov't Code Ann. § 43.180 (Vernon 1987) and dismissal of the removal action were erroneous, unreasonable, and violated Tex. Const. art. V, § 21. Article 5970 provides that county commissioners

> may be removed from office by the judge of the district court for incompetency,

official misconduct or becoming intoxicated by drinking intoxicating liquor, as a beverage, whether on duty or not. . . .

Such a proceeding is commenced

> by first filing a petition in the district court of the county where the [commissioner] resided, by a citizen of the State who has resided for six months in the said county where he proposes to file such petition, and who is not himself at the time under indictment in said county.

Article 5976. To maintain a removal suit, a citizen must be joined with the proper government official. *Garcia v. Laughlin,* 155 Tex. 261, 285 S.W.2d 191, 194 (1955). Appellant does not dispute that this is a civil suit.

The duties of the Harris County District Attorney are prescribed by the legislature. Article V, § 21 of the Texas Constitution provides that

> the County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature.

This regulation is found in Tex.Gov't Code Ann. § 43.180, which provides that

> (b) The district attorney shall attend each term and session of the district courts of Harris County. The district attorney shall represent the state in criminal cases pending in the district and inferior courts of the county. The district attorney has control of any case heard on habeas corpus before any civil district court or criminal court of the county.
>
> (c) The district attorney has all the powers, duties, and privileges in Harris County relating to criminal matters for and in behalf of the state that are conferred on district attorneys in the various counties and districts.

The statute contains no grant of authority to the Harris County District Attorney allowing him to prosecute civil suits on behalf of the State. The legislature assigned

the duty of prosecuting civil suits in the courts of Harris County to the County Attorney of Harris County:

It is the primary duty of the county attorney in Harris County or his assistants to represent the state, Harris County, and the officials of Harris County in all civil matters pending before the courts of Harris County and any other courts in which the state, the county, or the officials of the county have matters pending.

Tex.Gov't Code Ann. § 45.201 (Vernon 1987). Furthermore, section 8 of Tex.Rev. Civ.Stat.Ann. art. 326k–26,[1] the predecessor statute to section 43.180, created the office of the Harris County District Attorney in 1953, and required that

[t]he Criminal District Attorney of Harris County shall transfer all criminal matters that his office is handling to the District Attorney including papers, documents, and instruments in connection with each and every criminal case. On September 1, 1953, the Criminal District Attorney of Harris County shall transfer all civil matters to the County Attorney of Harris County.

Clearly, the legislature assigned the prosecution of civil suits in Harris County to the county attorney. We conclude that appellant is not authorized by the Constitution or by statute to prosecute a civil removal suit, under articles 5970 and 5976, without the joinder of the county attorney.

The court did not err in construing section 43.180, and did not violate article V, § 21 of the Texas Constitution by dismissing appellant's suit.

Appellant's two points of error are overruled.

The order is affirmed.

**1.** Ch. 315, 1953 Tex.Gen.Laws 784, *repealed by* ch. 480, § 26(1), 1985 Tex.Gen.Laws 4085.