**Lamont ROBERTS, Relator,**

**v.**

**The Honorable Robert LOWRY, Judge of the 313th District Court, Harris County, and John B. Holmes, Jr., Harris County District Attorney, Respondents.**

**No. 01–87–01001–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 25, 1987.

Charles F. Baird, Michael B. Charlton, Houston, for relator.

John B. Holmes, Jr., Harris County Dist. Atty., Winston E. Cochran, Jr., Roger Haseman, Harris County Asst. Dist. Attys., Houston, Robert Lowry, Judge, 313th District Court (No Response), Houston, for respondents.

Before EVANS, C.J., and DUGGAN and SAM BASS, JJ.

ORIGINAL PROCEEDING ON MOTION FOR LEAVE TO FILE PETITIONS FOR WRIT OF MANDAMUS OR PROHIBITION

SAM BASS, Justice.

Relator, Lamont Roberts, a juvenile charged with murder, challenges the authority of Harris County District Attorney John B. Holmes, Jr., to prosecute juvenile certification proceedings against the relator. Relator asks this Court to order Holmes to withdraw from the prosecution of this case and to order the trial judge, the Honorable Robert Lowry, to strike Holmes' pleadings. We overrule the motion for leave to file.

■ Initially we note that this Court's general authority to issue writs of mandamus is limited to district and county judges. Tex.Gov. Code sec. 22.221(b) (Vernon Supp. 1986). Thus, in this case this Court has no direct mandamus authority over the district attorney, only the trial judge. Contrary to relator's contention, this Court may not exercise authority over Holmes based on its power to issue writs in aid of its jurisdiction under sec. 22.221(a). The case is not on appeal, and we have not acquired any actual jurisdiction over the underlying case such as to require protection. *Winfrey v. Chandler*, 159 Tex. 220, 318 S.W.2d 59 (1958). Accordingly, we overrule for want of jurisdiction the motion as to Holmes and proceed to consider the motion as it relates to the trial judge.

In his only point in response to the motion for leave to file, Holmes complains of relator's failure to include an affidavit verifying the truth of all factual allegations in his petition as required by Tex.R.App.P. 121(a)(2)(F). The petition filed in the court contains such an affidavit.

As to the substance of this case, relator bases his argument that Holmes has no authority to prosecute a juvenile certification case on our decision in *Holmes v. Eckels*, 731 S.W.2d 101 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd. n.r.e.). In the *Eckels* case, this Court held that the Harris County District Attorney has no authority to prosecute a civil removal action under Tex.Rev.Civ.Stat.Ann. arts. 5970 and 5976 (Vernon 1962), without the joinder of the county attorney. The opinion relies in part on Tex.Gov't.Code sec. 43.180 (Vernon Supp.1986), a local provision granting the Harris County District Attorney authority to represent the State in criminal and habeas corpus matters. In *Eckels*, there was no specific statutory grant of authority applicable to Holmes allowing him to prosecute civil removal actions.

In contrast to the situation in *Eckels*, there is statutory authority for a district attorney to prosecute juvenile certifications. Tex.Fam.Code 51.02 (Vernon 1986) is the definitions provision of the section concerning delinquent children. Subsection (7) defines the term "prosecuting attorney" as "the county attorney, district attorney, or other attorney who regularly serves in a prosecutory capacity in a juvenile court." Section 53.04 provides that "the prosecuting attorney" may file the petition for adjudication or transfer hearing of a child alleged to have engaged in delinquent conduct.

Relator acknowledges these two sections of the Family Code, but argues that the more specific grant to the Harris County District Attorney contained in the Government Code prevails over the more general grant in the Family Code. Tex.Gov.Code Ann. sec. 311.026 addresses construction of general and local statutory provisions. This section provides that "if a general provision conflicts with a special or local provision, the provision shall be construed, if possible, so that effect is given to both."

■ We hold that effect can be given to both provisions such that the Harris County District Attorney has general authority to prosecute juvenile certification cases under Family Code section 51.02(7) and 53.04, and that in addition he has specific grants of authority provided for in the local provision in Government Code section 43.180.

Accordingly, we overrule the motion for leave to file the petition for writ of mandamus or prohibition for want of merit as it relates to the trial judge and for want of jurisdiction as it relates to Holmes.