**Richard Joseph VITEK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–88–00071–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 23, 1988.

John B. Holmes, Jr., Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from the denial of an application for writ of habeas corpus that challenged the jurisdiction of the state district court. On January 9, 1987, an assistant district attorney filed a motion to waive jurisdiction in the 314th District Court, of Harris County, sitting as a juvenile court. On January 21, 1987, an assistant district attorney of Harris County filed a petition in the 314th District Court, sitting as a juvenile court, seeking to transfer appellant, a child under law, to a criminal district court for prosecution. On March 24, 1987, the 314th District Court waived its jurisdiction over appellant and transferred appellant to the criminal district court for criminal proceedings. On March 24, 1987, the 179th District Court of Harris County assumed jurisdiction over appellant and placed him under arrest. On July 13, 1987, the grand jury of Harris County indicted appellant for capital murder.

Appellant filed no brief. In his writ, appellant argues the state district

court does not have jurisdiction to try him because he was not legally certified to stand trial as an adult. Appellant argues he was not legally certified to stand trial as an adult because assistant district attorneys of Harris County represented the state and, by law, the county attorney is required to do so in civil matters. The district attorney shall represent the state in criminal cases pending in the district and the inferior courts of the county. TEX. GOV'T CODE ANN. § 43.180. It is the primary duty of the county attorney or his assistants to represent the state, Harris County, and the officials of Harris County in all civil matters pending before the courts. TEX.GOV'T CODE ANN. § 45.201. A juvenile proceeding is quasi-criminal in nature. *In re D.B.*, 594 S.W.2d 207 (Tex.Civ. App.1980); *See Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). The individual who represents the state in juvenile proceedings is the prosecuting attorney. *See* TEX.FAM.CODE ANN. § 51.02(7). The prosecuting attorney means the county attorney, district attorney, or other attorney who regularly serves in a prosecutor capacity in juvenile court. *Id.* The prosecuting attorney files the petition to adjudicate or transfer the proceedings. TEX.FAM. CODE ANN. § 53.04. In juvenile proceedings in Harris County, the district attorney and his assistants regularly serve in a prosecutory capacity in juvenile court. We hold that the prosecuting attorney refers to the criminal district attorney and his assistants in Harris County. *See Roberts v. Lowry*, 742 S.W.2d 747 (Tex.App.—Houston [1st Dist.] 1987, orig. proceeding). Appellant's argument is overruled.

Accordingly, the judgment of the trial court is affirmed.