**In the Matter of L.T., A Child.**

**No. 13–92–076–CV.**

Court of Appeals of Texas, Corpus Christi.

Jan. 28, 1993.

J.R. Schneider, Jr., George West, for appellant.

W.L. Hardwick, George West, for appellee.

Before DORSEY, SEERDEN, and FEDERICO G. HINOJOSA, Jr., JJ.

OPINION

DORSEY, Justice.

Appellant, a juvenile, was charged with engaging in delinquent conduct because of his unauthorized use of a motor vehicle. *See* TEX.PENAL CODE ANN. § 31.07 (Vernon 1989). At the hearing to determine whether he had engaged in delinquent conduct and was in need of supervision, he pleaded

true, stipulated to all evidence against him, and waived his right to a jury trial. The trial court found that appellant engaged in delinquent conduct and ordered him confined in the custody of the Texas Youth Commission until he reaches the age of twenty-one.

■ By four points of error, appellant contends that the trial court erred by failing to admonish him prior to the hearing in accordance with mandatory Family Code provisions,[1] and that insufficient evidence supports the court's order. We hold the admonishments required by Section 54.03 of the Family Code are mandatory and failure to warn the child as required constitutes fundamental error. The court's order is reversed and the case is remanded for a new hearing.

By points of error one and two, appellant maintains that the trial court erroneously failed to comply with Texas Family Code § 54.03 when conducting the adjudication hearing. Section 54.03 provides initially that a child may be found to have engaged in delinquent conduct only after an adjudication hearing conducted in accordance with the provisions of the section. TEX. FAM.CODE ANN. § 54.03(a) (Vernon 1986). Section 54.03(b) requires:

(b) At the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or guardian ad litem:

(1) the allegations made against the child;

(2) the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding;

(3) the child's privilege against self-incrimination;

(4) the child's right to trial and to confrontation of witnesses;

(5) the child's right to representation by an attorney if he is not already represented; and

(6) the child's right to trial by jury.

TEX.FAM.CODE ANN. § 54.03(b) (Vernon Supp.1993).

The trial court admonished appellant L.T. as follows:

THE COURT [addressing the minor]: [B]efore we begin the proceedings, I'm going to advise you of some of the rights you have under the law as a citizen. One is that you don't have to make any statements if you don't want to and there is nothing wrong with that, or answer any questions, because any statements that you may make may be held in evidence against you later or in a court of law.

And you have a right to talk to your lawyer first before you start answering any questions or making any statements.

You also have a right to have your lawyer present when you have discussions with probation officers or law enforcement officers or juvenile probation or anybody you need to talk to. And you also have a right to an attorney if you cannot afford one.

Are you appointed?

APPELLANT'S COUNSEL: Yes, Your Honor, I'm appointed.

THE COURT: And if you want to answer questions and later on you want to decide you don't want to answer questions anymore, that's okay; there's nothing wrong with that; that's your privilege.

And you have a right to have a hearing in open court or closed doors. That means we get everybody out except us here. If you want us to do that, we can do that.

And you have a right to require the [S]tate to bring all the witnesses that have filed anything against you so that your lawyer will have a chance to ask questions in your behalf.

And you also have a right to present evidence in your own defense.

And you have a right to a trial by jury which is twelve persons sitting on the jury box listening to the case on your plea of not true which means not guilty. And after all the evidence is in, the jury decides whether or not you're guilty.

---

1. *See* TEX.FAMILY CODE ANN. § 54.03 (Vernon 1986 & Supp.1993).

Any questions?

APPELLANT: No, sir.

THE COURT: You may proceed.

After the State read the allegation contained in its petition for adjudication, appellant pleaded true to the charge. The court then inquired:

THE COURT: When you pleaded true to the State's petition for adjudication, [L.T.], did anybody force you to plead true?

APPELLANT: No, sir.

THE COURT: You're pleading true because those things they're saying about you, those things are true?

APPELLANT: Yes, sir.

\* \* \* \* \* \*

THE COURT: Do you understand the nature of the proceedings, what's going on here this morning?

APPELLANT: Yes, sir.

THE COURT: Mr. Schneider [appellant's counsel], you have an opinion as to whether or not [appellant] is mentally competent to stand trial and assist you?

COUNSEL: Yes, Your Honor, I do. He has been able to assist. I have discussed the proceedings and he has been able to discuss in working with me. I do believe he understands the proceedings going on at this time.

Before the hearing, appellant signed a waiver of trial by jury, as well as a Stipulation of Evidence. At the hearing, after determining that appellant understood the nature of the proceedings, the court asked L.T. if the signatures appearing on the waiver and stipulation were his own. The appellant replied, "Yes." The court also inquired whether L.T. understood each of the documents, and whether he understood that he was making a confession in the Stipulation of Evidence. The appellant responded affirmatively to these questions as well. The court accepted the Stipulation of Evidence and, on the basis of the plea of true and the stipulation, found that appellant did engage in delinquent conduct.

■ The transcript contains a document, "Admonishments to Juvenile," signed by both the appellant and his attorney. This explains, in detail, all those admonishments required by Family Code section 54.03(b) as they pertain to appellant's case. However, we note also that this document was not marked "Approved by the Court" and signed by the trial court as were other crucial documents signed by appellant and filed with the court, including Waiver of Ten–Day Notice, Waiver of Trial by Jury, and Stipulation of Evidence. The Family Code makes clear that a mandatory prerequisite for holding an adjudication of delinquency hearing is the admonishment—by the juvenile court judge—of the juvenile on trial. TEX.FAM.CODE ANN. § 54.03(b). Admonishments made by the juvenile's attorney do not therefore comply with the statute.[2]

Appellant asserts that the trial court did not explain the allegations made against him or the nature and consequences of the proceeding, including the admissibility of his adjudication record in a later criminal proceeding. Compliance with section 54.03 is mandatory, and this Court has recently held that failure to comply constitutes fundamental error. *In the Matter of O.L.*, 834 S.W.2d 415, 420 (Tex.App.—Corpus Christi 1992, no writ); *accord, In re G.K.G.*, 730 S.W.2d 182, 183–84 (Tex.App.—San Antonio 1987, no writ); *In re I.G.*, 727 S.W.2d 96, 99 (Tex.App.—San Antonio 1987, no writ).

■ This is a juvenile case, not governed by the Code of Criminal Procedure. However, the requirements of that code regarding pleas of guilty are instructive. Before an adult defendant in a criminal action pleads guilty to a charge, the court must first make several admonishments to the defendant, including the range of punishment for the offense. TEX.CODE CRIM.PROC. ANN. art. 26.13(a)(1) (Vernon 1989). A plea of guilty made by the defendant will be

---

**2.** *See Ex parte Battenfield,* 466 S.W.2d 569, 572 (Tex.Crim.App.1971). In this adult criminal proceeding, the Court held that prior to the acceptance of a plea of guilty or nolo contende-

re, the trial court must admonish the defendant and determine the voluntariness of his plea; this responsibility cannot be shifted to counsel.

rendered invalid and the conviction reversed if the requirements of article 26.13 are not met. *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex.Crim.App.1985); *Whitten v. State*, 587 S.W.2d 156, 157 (Tex. Crim.App.1979) (opinion on reh'g); *McDade v. State*, 562 S.W.2d 487, 488 (Tex.Crim. App.1978). The rationale for the rule is to ensure that the defendant freely and voluntarily pleads guilty to the offense knowing the consequences of his plea, the alternatives to it, as well as the rights he is relinquishing. *See Gibauitch*, 688 S.W.2d at 871; *Morin v. State*, 682 S.W.2d 265, 268, n. 1 (Tex.Crim.App.1983). Substantial compliance with article 26.13 is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. TEX.CODE CRIM.PROC.ANN. art. 26.13(c) (Vernon 1989).

■ A proceeding in which a juvenile is facing the adjudication of delinquency is quasi-criminal. *In the Matter of R.J.W.*, 770 S.W.2d 103, 105 (Tex.App.—Houston [1st Dist.] 1989, no writ); *Smith v. Rankin*, 661 S.W.2d 152, 153 (Tex.App.—Houston [1st Dist.] 1983, no writ); *In re D.B.*, 594 S.W.2d 207, 209 (Tex.Civ.App.—Corpus Christi 1980, no writ). The statutory protections given by the Family Code are similar to those afforded the adult defendant in a criminal case and are directed towards the same end: that the pleas and admissions by the accused in court are voluntary and knowing. That requires the defendant to be told the charges against him, what might happen if the charges are found to be true, and what rights the defendant has at the proceeding. The juvenile is exposed to the loss of liberty if adjudged to be a delinquent, as is an adult criminal defendant.

■ The trial court wholly failed to explain the allegations made against appellant or admonish him of the possible consequences should he be found delinquent. The court also failed to explain with clarity the potential for later use of the appellant's adjudication record in a criminal proceeding. All are required by § 54.03 of the Family Code. This failure constitutes fundamental error and is reversible. Points of error one and two are sustained.

By points three and four, appellant contends that both factually and legally insufficient evidence exists to support the trial court's finding that he engaged in delinquent conduct. Because we have found that the trial court failed to comply with the Family Code when conducting this adjudication of delinquency hearing, the judgment must be reversed and the case remanded for a new hearing. Points three and four are not therefore dispositive to this case on appeal. *See* TEX.R.APP.P. 90(a). Points three and four are overruled.

The judgment of the trial court is REVERSED and the cause REMANDED for a new adjudication hearing.

