884 S.W.2d 502 (1994)
In the Matter of R.W., a Minor.
No. 13-93-418-CV.
Court of Appeals of Texas, Corpus Christi.
June 23, 1994.
Rehearing Overruled September 15, 1994.
Leonard Sparks, III, Houston, for appellant.
Robert Thomas, Timothy G. Taft, Asst. Dist. Attys., Houston, for appellee.
Before DORSEY, FEDERICO G. HINOJOSA and YANEZ, JJ.

OPINION
DORSEY, Justice.
R.W., a fourteen year-old girl, was charged with engaging in delinquent conduct in the attempted capital murder of Theresa Banks. R.W. appeals her adjudication of delinquent conduct claiming that the trial court failed to comply with Tex.Fam.Code.Ann. § 54.03 (Vernon 1986 & Supp.1994);[1] that the court committed reversible error in failing to file findings of fact and conclusions of law, although timely requested; and that the evidence is insufficient to find delinquent conduct as an actor and the State did not properly plead that she was a party. We reverse and remand.
Section 54.03(b) of the Family Code requires the juvenile court judge to explain to the child, at the beginning of the adjudication hearing, certain matters, including the allegations against the child, the nature of the proceedings, the right to trial by jury, etc. These admonishments are set out in detail in the section. We have held the giving of them is mandatory and the court's failure to do so is fundamental error requiring reversal. In re L.T., 848 S.W.2d 769, 771 (Tex.App. Corpus Christi 1993, no writ); In re O.L., 834 S.W.2d 415, 420 (Tex.App.Corpus Christi 1992, no writ); In re G.K.G., 730 S.W.2d 182, 183-84 (Tex.App.San Antonio 1987, no writ).
Appellant complains that she was not admonished as required, and the record does not reflect that she was. The State claims that the record is incomplete and that appellant failed to preserve the error.
The record begins with counsel for the State apparently responding to an argument made by counsel for the defense:

*503 Mr. Thomas [counsel for the State]: Your Honor, the State's position is we pled the juvenile respondent committed the act. However, we believe, under the law of parties, and the State in the Appellate Code [sic], when someone is responsible for the criminal act of another, the law permits us to proceed and, in the pleadings, the juvenile respondent is charged with having committed the act, and then we will charge the jury, when someone is responsible for the acts of another, so we're proceeding under the law of parties. So routinely, Your Honor, we pled the law of parties in this matter.
The Court: I'm aware of that. Did you want this in the form of a motion?
Mr. Sparks [defense counsel]: Yes, sir.
The Court: Motion is denied. You going to try this before the Court?
Mr. Thomas: Yes, sir. Your Honor, we'll address it before we start the court trial. I think there's another jury trial on the docket today.
The Court: He hasn't come before the Court to make that determination.
Mr. Sparks: Your Honor, would you schedule a time when we can come back for the court trial?
* * * * * *
(Whereupon Court stands recessed.)
Later that same day the Court began the adjudication hearing. The State and the defendant announced ready, the witnesses were sworn and placed under the rule, the State abandoned two counts in the indictment, and announced ready to proceed on the single remaining charge. The defense moved to restrict the State's proof, and the court denied the motion. The first witness was called and the hearing began. The entire adjudication hearing is reported. No explanations by the Court were given the child in conformity with the requirements of Section 54.03(b).
Section 54.03 requires the admonishments, "[a]t the beginning of the adjudication hearing...." We have a complete record of the adjudication hearing, and it does not reflect that admonishments were given.
The State argues the record is incomplete, and the burden on providing a complete record, to show the error, rests on appellant. However, appellant in her designation of the record requested "the Court Reporter to include all the pretrial and trial testimony, the exhibits, and pleadings in the Statement of Facts." In her certificate, the court reporter stated that the statement of facts contains "a true and correct transcription of all proceedings directed by counsel to be included in the statement of facts in the above styled and numbered cause, all of which occurred in open court or in chambers and were reported by me." In the face of such designation by appellant and certificate by the court reporter, we will not assume the statutorily required admonitions were given but not recorded or forwarded by the court reporter in the statement of facts. We sustain point one.
We do not address points two and three because point one is dispositive. Tex. R.App.P. 90(a).
We REVERSE and REMAND for a new adjudication hearing.
NOTES
[1] All statutory references are to the Family Code unless otherwise specified.