917 S.W.2d 385 (1996)
In the Matter of J.D.C.
No. 14-94-00613-CV.
Court of Appeals of Texas, Houston (14th Dist.).
February 8, 1996.
Rehearing Overruled March 14, 1996.
*386 Carla Marie Anderson, Houston, for appellants.
B. Warren Goodson, Galveston, for appellees.
Before MURPHY, C.J., and ANDERSON and HUDSON, JJ.

OPINION
HUDSON, Justice.
A jury found appellant, a juvenile, engaged in the delinquent conduct of capital murder. The court committed appellant to the Texas Youth Commission until he reaches the age of seventeen and one half years, and to thereafter be transferred to the Institutional Division of the Texas Department of Criminal Justice to serve the remainder of a forty year sentence. We reverse and remand this cause to the trial court. The Family Code requires a juvenile court judge to give the child and his parent or guardian certain statutory admonishments at the beginning of every adjudication hearing. TEX.FAM.CODE ANN. § 54.03(b) (Vernon 1975). These admonitions are designed to inform the child and his parents of: 1) the nature of the allegations against the juvenile, 2) possible consequences of the proceedings, and 3) basic constitutional rights. These rights include the right to counsel; the privilege against self-incrimination; the right to confront and cross-examine witnesses; and the right to a jury trial. The record reflects, and the State concedes, no such admonishments were given in this case.
These admonishments are mandatory. At least six courts of appeals have held that a trial court's failure to make these explanations at the beginning of the hearing constitutes fundamental error. See In re R.W., 884 S.W.2d 502, 502 (Tex.App.Corpus Christi 1994, writ denied); In re T.F., 877 S.W.2d 81, 82 (Tex.App.Houston [1st Dist.] 1994, no writ); In re F.M., 792 S.W.2d 564, 565 (Tex.App.Amarillo 1990, no writ.); I.G. v. State, 727 S.W.2d 96, 99 (Tex.App.San Antonio 1987, no writ.); In re Cooper, 623 S.W.2d 507 (Tex.App.Fort Worth 1981, no writ.); and W.J.M.A. v. State, 602 S.W.2d 397, 399 (Tex.Civ.App.Beaumont 1980, no writ). One court of appeals has concluded that while the omission of such admonitions may constitute error, it is not fundamental error. In re R.L.H., 771 S.W.2d 697, 702 (Tex.App.Austin 1989, writ denied). Relying on R.L.H., the State claims that since appellant did not object to the want of admonishments, the error was waived.
Juveniles ordinarily lack the wisdom, competence, and maturity of adults. Because of their youth, lessened culpability, and more favorable prospects for rehabilitation, juveniles are shielded from the full force of a criminal prosecution. While the wisdom of this policy may be debated, juveniles enjoy rights not afforded adult offenders. The only conceivable purpose for the admonishments mandated by Section 54.03(b) is to impart information necessary for a minimal understanding of the procedures, purpose, and gravity of an adjudication hearing. A defendant unaware of his basic constitutional rights is not likely to be aware of the mandatory instruction devised to cure his ignorance. For this reason, we are convinced the trial court's failure to admonish a juvenile defendant as required by Section 54.03(b) of the Family Code constitutes fundamental error. No objection was required to preserve the error.
Appellant's first point of error is sustained. Appellant's remaining points are without *387 merit, but it is unnecessary to discuss them in light of our disposition of his first point of error. We reluctantly reverse and remand this cause to the trial court.