v.

**The STATE of Texas, Appellee.**

No. 14–97–00480–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 5, 1998.

Iris Loep, Timothy A. Hootman, Houston, for appellant.

Barbara Anne Drumheller, Houston, for appellee.

Before MURPHY, C.J., and HUDSON and FOWLER, JJ.

## OPINION

FOWLER, Justice.

Appellant entered a plea of not true to the offense of possession of a controlled substance, cocaine. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 1992). The Juvenile Law Master found appellant engaged in delinquent conduct and committed him to Texas Youth Commission. In nine points of error, appellant argues he was not properly admonished, the trial court failed to inform him of his right to proceed before a juvenile judge, and the evidence was legally and factually insufficient. We affirm.

Six officers executed a search warrant at 5514–A Bunte. When the officers arrived, they found appellant sitting alone on the floor of the duplex watching television. Within arm's reach of appellant was a plastic bag containing 1.3 grams of crack cocaine. Appellant was charged with possession of a controlled substance, and a Juvenile Master held an adjudication hearing. The Master failed to advise appellant of the admissibility of the adjudication hearing in a criminal proceeding, but otherwise fully and completely admonished him. After the hearing, the Master found the allegations against appellant true.

In his first and second points of error, appellant argues the Master erred in failing to admonish him of the potential admissibility of the adjudication record in a subsequent criminal proceeding. The Texas Family Code requires a juvenile court judge to explain to a child and his parent or guardian six matters in an adjudication hearing:

(1) the allegations made against the child;

(2) the nature and possible consequences of the proceedings, *including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding;*

(3) the child's privilege against self-incrimination;

(4) the child's right to trial and to confrontation of witnesses;

(5) the child's right to representation by an attorney if he is not already represented; and

(6) the child's right to trial by jury.

TEX.FAM.CODE ANN. § 54.03 (Vernon Pamph. 1996) (emphasis added). These admonishments are mandatory, and failing to provide them is fundamental error. *See In re J.D.C.,* 917 S.W.2d 385, 386 (Tex.App.—Houston [14th Dist.] 1996, no writ).

Appellant cites *In re J.D.C.* in support of his claim that this judgment must be reversed because the Master failed to provide the noted admonishments. However, in *In re J.D.C.,* the judge failed to give plaintiff *any* of the admonishments in section 54.03(b). *See id.* This complete failure to admonish violated the section's objective to ensure minimal understanding of the procedures, purposes, and gravity of the adjudication hearing. *See id.* We are not confronted with an *In re J.D.C.* situation. Here, the Master only failed to inform the appellant of the admissibility of the adjudication hearing in a subsequent criminal proceeding. Otherwise, the Master warned appellant of

(1) the charges against him;

(2) his right to trial by jury;

(3) his right to have his attorney present;

(4) his right to question the State's witnesses;

(5) his right to bring his own witnesses;

(6) his right to remain silent; and

(7) the possible punishments resulting from an adverse adjudication.

Appellant thus received five of the six warnings required by section 54.03, and he re-

ceived the admonishment regarding the consequences of the proceedings in part.

Juvenile adjudications are "quasi criminal" proceedings, *see Vitek v. State*, 754 S.W.2d 365, 366 (Tex.App.—Houston [14th Dist.] 1988, no pet.), as the proceedings seek to deprive a juvenile of their liberty; *see L.G.R. v. State*, 724 S.W.2d 775, 776 (Tex. 1987). Not surprisingly, the admonishments given to adult offenders are analogous to those required in section 54.03. *See In re O.L.*, 834 S.W.2d 415, 419–20 (Tex.App.—Corpus Christi 1992, no writ). The purpose of both adult and juvenile admonishments is to ensure the voluntariness of an accused's plea. *See Brown v. State*, 943 S.W.2d 35, 42 (Tex.Crim.App.1997); *In re L.T.*, 848 S.W.2d 769, 772 (Tex.App.—Corpus Christi 1993, no writ). "Substantial compliance" with adult admonishments suffices to establish voluntariness. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(c) (Vernon 1989); *In re L.T.*, 848 S.W.2d at 772.

Here, appellant entered a plea of not true, and he complains of the absence of an admonishment which would have apprised him of the ramifications of the proceeding. Because appellant plead not true, however, he has no basis to complain his plea was involuntary; the absence of the admonishment did not coerce him to give an incriminating statement, because he did not incriminate himself with his plea. Further, failing to warn of the admissibility of an adjudication hearing in a criminal proceeding could only be harmful if the accused, not knowing of this possibility, incriminates himself by pleading true, and accepts the punishment without putting the state to its burden of proof, only to learn later the incriminating plea is admissible in a criminal proceeding. As a consequence, we find appellant's plea was voluntary and that the Master substantially complied with the statutory admonishments. We overrule appellant's first and second points of error.

In his third through six points of error, appellant contends that the Master failed to inform appellant of his right under Texas Family Code section 54.10 to have the adjudication hearing before a juvenile judge. Section 54.10 allows a referee to hold an adjudication hearing if the referee informs the parties of their right to have the hearing before a juvenile judge or the parties waive this right. *See* TEX.FAM.CODE ANN. § 54.10 (Vernon Pamph.1996). A referee must be an attorney licensed to practice law in Texas. *See* TEX.FAM.CODE ANN. § 51.04(g). By contrast, a Juvenile Law Master in Harris County must have been a licensed attorney for at least four years. *See* TEX.GOV'T CODE ANN. § 54.502 (Vernon 1988). In addition, a Harris County Master may perform any actions necessary to perform his assigned tasks. *See* TEX.GOV'T CODE ANN. § 54.510. The Family Code does not require a master to advise parties of their right to proceed before a juvenile judge or that the parties waive this right in order to hold an adjudication hearing before a master.

The only reference to the status of the Master is the designation on the cover page of the Statement of Facts. There, Robert Molder is designated as "the Honorable Master Judge Robert Molder." The record does not refer to him as a referee, nor did appellant preserve an objection as to the Master's jurisdiction at the adjudication hearing. As such, there is nothing before this court to review as to this point of error. *See* TEX.R.APP.P. 33.1(a); *Hammond v. State*, 942 S.W.2d 703, 709 (Tex.App.—Houston [14th Dist.] 1997, no writ). We overrule appellant's third through sixth points of error.

In his seventh through ninth points of error, appellant disputes the legal and factual sufficiency to support the finding. In reviewing the legal sufficiency of the evidence in a juvenile adjudication, an appellate court must consider the evidence and inferences tending to support the findings and disregard all evidence and inferences to the contrary. *See In re D.L.N.*, 930 S.W.2d 253, 256 (Tex.App.—Houston [14th Dist.] 1996, no writ). An appellate court must review the evidence as a whole to ensure the State met its burden beyond a reasonable doubt. *See In re G.M.P.*, 909 S.W.2d 198, 202 (Tex.App.—Houston [14th Dist.] 1995, no writ).

622

To convict a person of possession of a controlled substance, the State must prove 1) the accused exercised care, control, and management over the contraband; and 2) the accused knew the substance being possessed was contraband. *See Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim.App. 1988). When the controlled substance is not found on the person of the accused or in his exclusive possession, the State must present evidence affirmatively linking the accused to the contraband, and that evidence must raise a reasonable inference the accused knew of and controlled the contraband. *See Washington v. State*, 902 S.W.2d 649, 652 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd). Among the factors to be considered in determining whether affirmative links connect the accused to the contraband are the conduct of the accused indicating a consciousness of guilt, the accused's relationship to others with access to the contraband, the accused's proximity to the contraband and its accessibility or availability to the accused, and the accused's presence when the search is executed. *See Kyte v. State*, 944 S.W.2d 29, 31 (Tex.App.—Texarkana 1997, no pet.); *Davila v. State*, 930 S.W.2d 641, 645 (Tex.App.—El Paso 1996, pet. ref'd).

The evidence established that appellant was within arm's reach of a small table, and police found a small plastic bag containing cocaine on that table, in plain view. One officer testified he smelled burning marijuana in the room. Further, appellant was alone in the room where officers found the contraband, and appellant said he lived in the duplex. He was free to go between 5514–A and the other side of the duplex, where his mother and cousin resided. We find the State proved the elements of possession of a controlled substance beyond a reasonable doubt. The evidence is legally sufficient to support a finding that appellant knew of the substance and established control over it.

In reviewing the factual sufficiency of the evidence, we consider all the evidence and uphold the verdict if it is not so against the great weight and preponderance of the evidence as to be manifestly unjust. *See In re D.L.N.*, 930 S.W.2d at 257; *Clewis v. State*, 922 S.W.2d 126, 135 (Tex.Crim.App.

1996). If there is sufficient competent evidence of probative force to support the trial court's finding, a factual sufficiency challenge cannot succeed. *See Davila*, 930 S.W.2d at 646. The record indicates appellant was calm when the officers arrived and made no furtive gestures or attempts to conceal the contraband or escape. Further, appellant's cousin was also in the duplex, although she was in the restroom when the officers arrived. Appellant had no drugs on his person, made no incriminating remarks, and did not appear to be under the influence of drugs or alcohol when police arrived. His mother testified appellant lived at 5514–B Bunte, and he had no key to 5514–A. She also testified she was in 5514–A moments before officers arrived, and she did not see cocaine in the apartment. Despite this evidence, the evidence enumerated in the legal sufficiency discussion establishes the verdict was not so against the great weight of the evidence as to be manifestly unfair or unjust. The evidence was factually sufficient; therefore, we overrule appellant's seventh through ninth points of error.

We affirm the finding of the Master.