**Opinion filed November 20, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00310-CR
_____

## IN RE JOSEPH GUS MAYS

**Original Mandamus Proceeding**

## M E M O R A N D U M   O P I N I O N

Appearing pro se, Relator, Joseph Gus Mays, a prison inmate, has filed a petition for writ of mandamus. In his petition, Relator asks this court to direct Brown County to provide him with various transcripts and evidence so that he may pursue an appeal. Specifically, he seeks grand jury minutes, the affidavit for his arrest warrant, the police report, all evidence, all reports, witness statements, sworn affidavits, court transcripts, court notes, and any other evidence the State has against Relator regarding Cause No. CR20819. Based on his assertion that he requested these documents from the Judge of the 35th District Court of Brown County, the District Attorney's Office for Brown County, and the court reporter of the 35th District Court, we assume that these are the parties from which he seeks

mandamus relief. We dismiss Relator's petition in part for want of jurisdiction and deny his petition in part.

This court has jurisdiction to issue a writ of mandamus against a "judge of a district or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b)(1) (West 2004). We do not have jurisdiction to issue a writ of mandamus against a district attorney's office or a court reporter unless they are interfering with our appellate jurisdiction. *See id.* § 22.221(a), (b); *Garner v. Gately*, 909 S.W.2d 61, 62 (Tex. App.—Waco 1995, orig. proceeding) (holding no jurisdiction over district attorney); *Lesikar v. Anthony*, 750 S.W.2d 338, 339 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding) (holding no jurisdiction over court reporter); *Roberts v. Lowry*, 742 S.W.2d 747, 748 (Tex. App.—Houston [1st Dist.] 1987, orig. proceeding) (holding no jurisdiction over district attorney). Relator has not filed a direct appeal in our court; thus, the district attorney's office and the court reporter are not interfering with our jurisdiction by failing to supply Relator with the requested documents. Therefore, we do not have jurisdiction to issue a writ against either the District Attorney's Office for Brown County or the court reporter for the 35th District Court. Accordingly, we dismiss Relator's petition in part for want of jurisdiction.

As to Relator's claims against the trial court, we note that Relator has presented this court with two separate motions in which he sought certain documents. In his first motion, he sought grand jury minutes. The trial court denied his motion. In order for an accused to be entitled to the production of grand jury testimony, he must demonstrate a "particularized need" for such testimony to outweigh the traditional policy of grand jury secrecy. *Garcia v. State*, 454 S.W.2d 400, 403 (Tex. Crim. App. 1970). Relator has not done so here. Therefore, we cannot say that the trial court committed a clear abuse of discretion, as is required

2

for mandamus relief, when it denied Relator's motion for grand jury minutes. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

In Relator's second motion, he asks the court clerk to "please file this motion here in within your Court. Please bring this motion to the attention of the District Attorney Micheal Murray and advise him of the imperative need of all the documents to prepare an appeal." Relator sought all documents pertaining to his case in Brown County, Cause No. CR20819, and his case in Eastland County, Cause No. 22990, in this motion. Even if we were to construe this document as a motion directed to the trial court, the document is not a certified or sworn copy of the motion as required under TEX. R. APP. P. 52. We also note that Relator has not provided us with an order from the trial court ruling on this motion. Therefore, we hold that Relator has not presented us with an adequate record to demonstrate that he is entitled to mandamus relief on this ground. *See Walker*, 827 S.W.2d at 837.

We deny Relator's petition for writ of mandamus against the trial court and dismiss for want of jurisdiction Relator's petition for writ of mandamus against the District Attorney's Office for Brown County and the court reporter for the 35th District Court.

PER CURIAM

November 20, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3