

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-14-00277-CV

IN THE MATTER OF N.H.

----------

FROM COUNTY COURT AT LAW NO. 1 OF DENTON COUNTY
TRIAL COURT NO. JV-2013-00415

----------

## MEMORANDUM OPINION[1]

----------

Appellant N.H. pleaded "true" to aggravated sexual assault and was sentenced to twenty-four months of probation in a rehabilitation facility. In a single issue, Appellant argues that his plea was involuntary and that the trial court abused its discretion by denying his application for a writ of habeas corpus. We will affirm.

On August 6, 2013, Appellant pleaded true to aggravated sexual assault of a child under the age of fourteen. Prior to making this plea, Appellant's attorney,

---

[1]*See* Tex. R. App. P. 47.4.

James Horton, explained the possible outcomes of Appellant's case and his likelihood of success at trial. Horton also sent Appellant a letter explaining what evidence the State had and how it could possibly affect Appellant's case. After obtaining a plea bargain from the State, Horton met with Appellant and informed him that pleading true would result in 24 months of probation with placement at a rehabilitation facility called Pegasus, which is where he would remain until his successful completion of the program.

At the beginning of the adjudication hearing, the court orally admonished Appellant before he could submit his plea. The court informed Appellant of his right to have a trial and that the court would set disposition if he were found guilty. Further, the court informed Appellant of his right to appeal and about the possible outcomes of the case, explaining that punishment could range anywhere from nothing at all to commitment in the Texas Juvenile Justice Department (TJJD) until his nineteenth birthday.[2] Additionally, before entering his plea, Appellant signed a packet that included a waiver of rights and the terms and conditions of his probation and he assured the trial court that his plea was not a result of force, coercion, or a promise and that he understood what he was doing.

After Appellant was sentenced to probation and placement at Pegasus, Horton called Appellant to ask if he was interested in appealing his case.

[2]In the record, the Texas Juvenile Justice Department is sometimes referred to by its previous title, the Texas Youth Commission (TYC).

Appellant informed Horton that he did not wish to appeal. After the time for an appeal had expired, Appellant filed an application for a writ of habeas corpus, arguing that his plea of true was involuntary. A hearing was held, and Appellant testified. He told the court that he had pleaded true only because he did not want to go to TJJD. Appellant also stated that he told Horton that he wanted to appeal his case but that Horton discouraged him from appealing and told him that if he did appeal, he would be automatically sent to TJJD. Horton also testified, and the trial court found in its findings of fact and conclusions of law that Horton's testimony was credible. After reviewing all the evidence, the trial court denied Appellant's application for the writ.

Appellant argues in his only issue that because his plea was not made knowingly, intelligently, and voluntarily, the trial court abused its discretion by denying his application for a writ of habeas corpus.

We review a trial court's denial of a habeas corpus claim for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1052 (2006). A trial court abuses its discretion if it acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). A trial court also abuses its discretion by ruling without supporting evidence. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). But an abuse of discretion does not occur when the trial court bases its decision on conflicting evidence and some evidence of

3

substantive and probative character supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002) (op. on reh'g). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620.

Appellant argues that his plea was involuntary because he was unable to fully understand the consequences of his plea. Plea agreements are valid only if voluntary and made knowingly and intelligently with sufficient awareness of the relevant circumstances and likely consequences. *In re E.Q.*, 839 S.W.2d 144, 146 (Tex. App.—Austin 1992, no writ); *see Brady v. United States*, 397 U.S. 742, 747 n.4, 90 S. Ct. 1463, 1468 n.4 (1970). "Without a full understanding of the proceedings against him, or his rights in those proceedings, and of the possible consequences of a finding of delinquent conduct, a juvenile cannot enter a voluntary plea." *In re B.J.*, 960 S.W.2d 216, 220 (Tex. App.—San Antonio 1997, no pet.).

In admonishing a defendant, substantial compliance by the trial court is deemed sufficient unless the defendant was not aware of the consequences of his plea and was misled or harmed by the admonishment. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). An involuntary guilty plea may result where a defendant is not given sufficient information to make a knowing and intelligent waiver of his constitutional rights and where his plea is based on

4

misleading advice from his counsel. *See E.Q.*, 839 S.W.2d at 147; *Huffman v. State*, 676 S.W.2d 677, 682–83 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd). A finding that a defendant was duly admonished creates a prima facie showing that a guilty plea was entered knowingly and voluntarily. *Martinez*, 981 S.W.2d at 197. A defendant may still raise the claim that his plea was not voluntary; however, the burden shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm. *Id.*

The record demonstrates that the trial court duly admonished Appellant before he entered a plea of true. Thus, the burden is on Appellant to demonstrate that his misunderstanding resulted in an involuntary plea. *See id.*; *see also* Tex. Fam. Code Ann. § 54.03(b) (West 2014) (listing requirements for proper admonishment at the beginning of an adjudication hearing). Appellant argues that he was not provided with sufficient information to enter his plea knowingly, intelligently, and voluntarily. However, prior to entering his plea, Appellant was informed of the possible outcomes and consequences of the case. Appellant was also informed of his right to appeal by both Horton and the trial court, and following the conclusion of the trial, Horton called Appellant to see if he was interested in appealing the case. Likewise, Horton testified to his belief that Appellant pleaded true voluntarily and with an understanding of the possible consequences. Similarly, any erroneous information received from Horton was

corrected when the court orally admonished Appellant.[3]  Thus, Appellant has not demonstrated that a lack of sufficient information resulted in an involuntary plea.

Appellant argues that he was only "marginally competent" at trial and that his "numerous developmental, psychological, and cognitive issues" made him unable to knowingly, intelligently, and voluntarily enter a plea of true.  The fact that Appellant has a low IQ and a history of psychological issues does not mean he was incapable of understanding the consequences of his plea.  *See Weatherford v. State*, No. 12-00-00329-CR, 2002 WL 59336, at *5 (Tex. App.—Tyler Jan. 9, 2002, no pet.) (not designated for publication) (holding that mental deficiency is a factor in assessing the voluntariness of a confession, but it is not alone determinative); *Harner v. State*, 997 S.W.2d 695, 699 (Tex. App.—Texarkana 1999, no pet.); *see also Penry v. State*, 903 S.W.2d 715, 744 (Tex. Crim. App. 1995).  Appellant was properly admonished multiple times, and each time, he assured the trial court and his counsel that he understood his rights before waiving them.  Similarly, no one questioned Appellant's competency or his cognitive ability to understand his actions at the habeas or adjudication hearings.

Appellant now contends that he lacked the mental capacity to voluntarily waive his rights when he entered his plea of true; however, at his habeas hearing, he did just that.  Before testifying at the hearing, the trial court asked

---

[3]In a letter to Appellant, Horton incorrectly wrote that Appellant could be committed to TJJD until his twenty-first birthday; however, this error was corrected when the trial court correctly informed Appellant that the law only allows TJJD commitment until one's nineteenth birthday.

6

Appellant if he was waiving his right against self-incrimination knowingly, voluntarily, and intelligently. Appellant assured the court that he was, and his attorney agreed. We cannot conclude that Appellant's psychological, cognitive, and developmental issues prevented him from voluntarily waiving his rights when he entered his plea but had no effect on his ability to waive his rights when he testified one year later. The trial court could have reasonably concluded similarly. Appellant did not sufficiently demonstrate that his mental deficiencies prevented him from understanding the consequences of his plea.

Having concluded that Appellant did not overcome the prima facie evidence of his voluntary plea, we hold that the trial court did not abuse its discretion by denying Appellant's application for a writ of habeas corpus. Accordingly, we overrule his sole issue and affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

DELIVERED: August 6, 2015

7