# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-26-00295-CV

**In re Tony Ramirez**

## ORIGINAL PROCEEDING FROM HAYS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Tony Ramirez, an inmate with the Texas Department of Criminal Justice, has filed a pro se petition for writ of mandamus naming as respondent "The State of Texas" and directing respondent to dismiss criminal charges putatively pending against relator. We treat the petition as directed against the District Attorney of Hays County, Texas, and dismiss the petition for want of jurisdiction. *See* Tex. Gov't Code § 22.221; see also Tex. R. App. P. 52.1.

This Court does not have mandamus jurisdiction over a district attorney. *See In re Jones*, No. 06-03-00061-CV, 2003 WL 1985247, at *1 (Tex. App.—Texarkana Apr. 30, 2003, orig. proceeding) (mem. op., not designated for publication); *Roberts v. Lowry*, 742 S.W.2d 747, 749 (Tex. App.—Houston [1st Dist.] 1987, no writ). By statute, this Court has the authority to issue a writ of mandamus against "a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See* Tex. Gov't Code § 22.221. Thus, the District Attorney of Hays County is not a party against whom we may issue a writ of mandamus

unless necessary to enforce our jurisdiction.  Relator has not demonstrated that our jurisdiction is implicated here.  We therefore have no jurisdiction to grant relator the relief he seeks.

Accordingly, the petition is dismissed for want of jurisdiction.

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Filed:   April 3, 2026

2