## In the Matter of L.A.S.

### No. 01–98–00040–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 9, 1998.

Mary B. Hennessey, Brenham, for Appellant.

Renee Ann Mueller, Brenham, for Appellee.

Before O'CONNOR, TAFT, and PRICE,[*] JJ.

### OPINION

OCONNOR, Justice.

L.A.S., the appellant, appeals her adjudication as a juvenile who engaged in delinquent conduct. We affirm.

[*] The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas, participating by assignment.

The appellant was caught at the Brenham Wal–Mart attempting to shoplift clothes. A store employee confronted the appellant, telling her to drop the merchandise and leave the store. The appellant abandoned the stolen goods but, as she was being escorted out of the store, attacked the employee. She pulled out the employee's hair and knocked her to the floor, where she kicked, hit, and screamed curses at her.

The appellant was arrested for theft and assault. After a bench trial, the court found the allegations true, adjudicated the appellant as a delinquent, and committed her to the custody of the Texas Youth Commission for an indeterminate time not extending past her 21st birthday.

■ In her sole point of error, the appellant argues that her disposition should be reversed because the court did not admonish her in compliance with section 54.03(b) of the Texas Family Code. Section 54.03(b) specifies several admonishments that the trial court must give a juvenile at the beginning of an adjudication hearing. These admonitions are mandatory to protect juveniles by ensuring they understand the nature of the judicial proceedings against them. *In re J.D.C.*, 917 S.W.2d 385, 386 (Tex.App.—Houston [14th Dist.] 1996, no writ) (explaining public policy considerations for mandatory admonishments); *see also In re T.F.*, 877 S.W.2d 81, 82 (Tex.App.—Houston [1st Dist.] 1994, no writ) (harm analysis should not be applied to violations of §54.03(b)). The appellant asks us to reverse and render because the trial court did not properly admonish her of her right to a jury trial under the Family Code.

The Family Code provides:

(b) At the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or guardian ad litem:

. . . .

(6) the child's right to trial by jury.

TEX. FAM.CODE §54.03(b)(6).

■ The clerk's record contains a written waiver of jury trial signed by both the appellant and her attorney. Before the trial began, the trial court orally admonished the appellant about her right to a jury trial.

Court: You have the right to a trial by jury in this phase of the trial. However, I have reviewed your waiver of a jury trial. Do you still wish to give up your right to a jury trial?

Appellant: (No response.)

Court: You waived your right to the jury trial the other week, didn't you?

Appellant: Yes, sir.

Defense counsel: I think there is also a waiver in writing, your honor, in the file.

■ We are not persuaded that the oral admonishment was inadequate. However, even if the oral admonishment were inadequate, the appellant did not preserve error.

Since amended in 1997, the Family Code provides:

(i) In order to preserve for appellate or collateral review the failure of the court to provide the child with the explanation required by Subsection (b), the attorney for the child must comply with Rule 52(a), Texas Rules of Appellate Procedure, before testimony begins or, if the adjudication is uncontested, before the child pleads to the petition or agrees to a stipulation of evidence.

TEX. FAM.CODE §54.03(i).

Subsection (i) of section 54.03 became effective on September 1, 1997.[1] The appellant committed the offenses on September 25, 1997, thus her adjudication is governed by the amended section 54.03.[2] Rule 52(a) has been renumbered as rule 33.1, but the substance is unchanged. *See* TEX.R. APP. P. 33.1 (to present complaint for appellate review, record must show complaint was made to trial court). Because the appellant did not object at trial, she did not preserve the issue for review.

1. Act of May 14, 1997, 75th Leg., R.S., ch. 1086, §55(a), 1997 Tex. Gen. Laws 4179, 4199.

2. Act of May 14, 1997, 75th Leg., R.S., ch. 1086, §53(a), 1997 Tex. Gen. Laws 4179, 4199 (change in law made by act applies only to conduct that occurs on or after effective date).

We overrule the sole point of error.

We affirm the judgment.