In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00147-CR


______________________________




MARY ALVIS JOHNSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 102nd Judicial District Court


Bowie County, Texas


Trial Court No. 01F0152-102




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Mary Alvis Johnson appeals her conviction for murder and sentence of life imprisonment. 
The trial court pronounced sentence on February 8, 2002, making Johnson's notice of appeal due by
March 24, 2002. (1) See Tex. R. App. P. 26.2(a).

 Johnson filed her notice of appeal on August 5, 2002. Therefore, her notice of appeal is
untimely, and this Court is without jurisdiction over the appeal. Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996). (2)

 The appeal is dismissed for want of jurisdiction.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 23, 2002

Date Decided: August 26, 2002


Do Not Publish
1. If Johnson had filed a timely motion for new trial, the notice of appeal deadline would have
been May 9, 2002. See Tex. R. App. P. 26.2(a)(2); see also Tex. R. App. P. 4.1(a) (if the last day of
a period is on a Saturday, Sunday, or legal holiday, the period is extended to the end of the next day
that is not a Saturday, Sunday, or legal holiday). She did not, however, file a motion for new trial.
2. In Olivo, the Texas Court of Criminal Appeals noted the denial of a meaningful appeal
because of ineffective assistance of counsel is a proper ground for habeas corpus relief. Olivo v.
State, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); see also Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2002).



nt-family: Times New Roman"> Okay. The nature of this proceeding is to determine whether or not you are a juvenile
who has engaged in delinquent conduct. A possible consequence of this proceeding
is that you could be committed to the Texas Youth Commission where they're
authorized by law to keep you until your eighteenth birthday.


C.D.H.'s trial counsel did not object to this admonition.

 After hearing testimony, the trial court found that C.D.H. did engage in delinquent conduct
by committing the felony offense of robbery in violation of Section 29.02 of the Texas Penal Code
and the misdemeanor offense of assault in violation of Section 22.01(a)(1) of the Texas Penal Code. 
See Tex. Penal Code Ann. § 22.01(a)(1) (Vernon Supp. 2008), § 29.02 (Vernon 2003). The trial
court then sentenced C.D.H. to an indeterminate sentence in the custody of the TYC not to exceed
his nineteenth birthday. (1) No objection was made when the trial court pronounced its disposition. 

 C.D.H. contends that he has a fundamental right to be sentenced in accordance with the trial
court's admonishment. Disposition that does not mirror the admonition, then, runs afoul of his
federal and state constitutional rights to due process and due course of law. The record clearly
establishes that trial counsel lodged no objection to the trial court's admonition or disposition. 
C.D.H., then, is forced to address the issue of preservation of error and convince this Court that the
error of which he complains is properly before this Court. First, he argues, the error is structural or
systemic in nature, making it immune from preservation and harm analysis requirements. 
Alternatively, he contends the error is fundamental error to which no objection is necessary. We
conclude the error alleged is neither and, therefore, was not preserved for our review.

II. Not Structural or Systemic Defect

 The United States Supreme Court has mandated that certain federal constitutional errors
labeled as "structural" are not subject to a harmless error analysis. See United States v.
Gonzalez-Lopez, 548 U.S. 140, 150 (2006) (erroneous deprivation of right to counsel of choice is
structural error because it has ''necessarily unquantifiable and indeterminate" consequences); 
Sullivan v. Louisiana, 508 U.S. 275 (1993) (improper jury instruction on proof beyond reasonable
doubt not susceptible to harmless error analysis); Garrett v. State, 220 S.W.3d 926, 931 (Tex. Crim.
App. 2007); Johnson v. State, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005) (discussing types of
errors held to be structural by United States Supreme Court); see also Cain v. State, 947 S.W.2d 262,
264 n.5 (Tex. Crim. App. 1997); Matchett v. State, 941 S.W.2d 922, 927 (Tex. Crim. App. 1996). 
Except for those certain federal constitutional errors so labeled, no error, whether it relates to
jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune
to a harmless error analysis. Cain, 947 S.W.2d at 264. Harmless error analysis does not apply to
a constitutional error that constitutes a ''structural defect'' in the trial process.

 Simply put, we find no authority that would suggest that error associated with a right to be
sentenced in accordance with the trial court's admonishment required by Section 54.03(b) of the
Texas Family Code is the type of error that can be characterized as a structural or systemic defect
such that it would escape harmless error analysis. Tex. Fam. Code Ann. § 54.03(b) (Vernon Supp.
2008). 

III. Not Fundamental Error

 Further, the error alleged here (2) is not immune from the requirement that it be preserved for
our review. The Texas Court of Criminal Appeals (3) has consistently held that the failure to object
in a timely and specific manner during trial forfeits complaints about the admissibility of evidence,
even when the error may concern a defendant's constitutional rights. See Saldano v. State, 70
S.W.3d 873, 889 (Tex. Crim. App. 2002). All but the most fundamental rights may be forfeited if
not insisted upon by the party to whom they belong. See Saldano, 70 S.W.3d at 887. An exception
applies to two "relatively small" categories of errors: (1) violations of waivable-only rights; and
(2) denials of absolute, systemic requirements. See Aldrich v. State, 104 S.W.3d 890, 895 (Tex.
Crim. App. 2003); Saldano, 70 S.W.3d at 888.

 Examples of rights that are waivable only include the right to the assistance of counsel, the
right to trial by jury, and a right of appointed counsel to have ten days of trial preparation that a
statute specifically made waivable only. Aldrich, 104 S.W.3d at 895. A waivable-only right cannot
be forfeited by a party's inaction alone; a defendant must take affirmative action to waive such a
right. See Bessey v. State, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007).

 In Bessey, the Texas Court of Criminal Appeals held that a proper admonishment in an adult
guilty plea was waivable only because the court has a statutory duty to properly admonish defendants
as described by Article 26.13. "A law that puts a duty on the trial court to act sua sponte, creates a
right that is waivable only. It cannot be a law that is forfeited by a party's inaction." Id. (quoting
Mendez, 138 S.W.3d at 343). Thus, a court's failure to properly admonish a defendant cannot be
forfeited and may be raised for the first time on appeal unless it is expressly waived. By contrast,
the statute requiring the trial court to explain the "possible consequences of the proceedings" in a
juvenile adjudication hearing explicitly requires preservation of any failure of the trial court to
provide the proper explanation. 

 While no precise rule has been announced for determining if a right is waivable only instead
of forfeitable, it is important to be reminded of the reasons for requiring preservation of errors. 
"Stated more broadly, objections promote the prevention and correction of errors. When valid
objections are timely made and sustained, the parties may have a lawful trial." Saldano, 70 S.W.3d
at 887. Here, if the trial court had been apprised of the misstatement of the law, the court could have
promptly corrected it and cured any error. There is no evidence that the trial itself or the decision
of the trial court was influenced in any manner by the trial court's misstatement. Further, the
omission does not directly or adversely affect the interests of the public generally or bring disrespect
to the judicial process. See Dix and Dawson, Texas Practice: Criminal Practice and Procedure
§ 42.252 (2d ed. 2001). We find that, if there is a right to be sentenced to the range of punishment
previously announced by the trial court in a juvenile proceeding, it is not a right that is waivable
only, but may be forfeited. 

 Absolute, systemic requirements include jurisdiction of the person, jurisdiction of the subject
matter, and a penal statute's being in compliance with the "separation of powers" section of the state
constitution. See Aldrich, 104 S.W.3d at 895. As discussed previously, there is simply no authority
that would suggest that the type of error alleged here is in the nature of a systemic defect. The error
alleged here, even though framed in terms of constitutional terms, does not fall within the exceptions
that would excuse failure to lodge an objection in the trial court. It must have been raised in the trial
court to preserve the issue for our review. (4)

 Even if we were to conclude that this error need not be preserved for our review, C.D.H.'s
contention would fail in that he must, but cannot show harm from, the alleged error. C.D.H. pled
not guilty, and the record does not show that C.D.H. suffered harm as a result of the trial court's
initial misstatement of the range of punishment and subsequent sentencing that might go beyond the
range initially pronounced. (5) The record would not demonstrate harm resulting from the error
alleged.

IV. Conclusion

 The error alleged here was not preserved for our review and is not the type of error that is
immune to preservation requirements. We are left then with the general rule regarding preservation
of error: a party waives error unless the party preserves error for appeal by objecting in the trial
court. See Tex. R. App. P. 33.1. Applying that general rule, the absence of an objection, either at
the time of the admonishment or at the time the indeterminate sentence was pronounced, leads us
to conclude that the alleged error is not before this Court. We, therefore, overrule C.D.H.'s
contention and affirm the adjudication and disposition of the trial court.




 Jack Carter

 Justice


Date Submitted: October 8, 2008

Date Decided: December 16, 2008


1. When a juvenile court imposes an indeterminate sentence, it may only commit the child to
the custody of the TYC, and the TYC must release the child no later than his or her nineteenth
birthday. Tex. Fam. Code Ann. § 54.04(d)(2) (Vernon Supp. 2008); Tex. Hum. Res. Code Ann.
§ 61.084(e) (Vernon Supp. 2008). When the trial court imposes an indeterminate sentence for a
child who committed aggravated assault, the term of confinement in a TYC residential facility ranges
from twelve months to the child's nineteenth birthday. Tex. Hum. Res. Code Ann. § 61.084(e);
37 Tex. Admin. Code § 85.23(d)(3) (2008) (Tex. Youth Comm'n, Classification); 37 Tex. Admin.
Code § 85.25(d)(3) (2008) (Tex. Youth Comm'n, Classification, Minimum Length of Stay).
2. The Texas Family Code requires the judge to explain to the child certain information at the
beginning of an adjudication hearing. Tex. Fam. Code Ann. § 54.03(b). One of the requirements
is the judge is to explain the "nature and possible consequences of the proceedings." Id. C.D.H.
does not rely on Section 54.03, but makes only a constitutional argument. At one time, the failure
to give the explanations in Section 54.03 did not have to be preserved for appeal by an objection, but
later section (i) was added requiring preservation. Tex. Fam. Code Ann. § 54.03(i) (Vernon Supp.
2008). The Houston-First Court has read Section 54.03(i) as applicable only to omitted (as opposed
to erroneous) admonishments, relying on the rule prior to the enactment of Section 54.03(i) that no
objection was required to preserve error regarding the omission of the required juvenile
admonishments. See In re T.W.C., 258 S.W.3d 218, 221 (Tex. App.--Houston [1st Dist.] 2008, no
pet.) (citing In re C.O.S., 988 S.W.2d 760, 767 (Tex. 1999)). But see In re L.A.S., 981 S.W.2d 691,
692 (Tex. App.--Houston [1st Dist.] 1998, no pet.) (concluding that, even if Section 54.03(b)
admonishment were inadequate, any error associated with the admonishment was not preserved as
required by Section 54.03(i)). C.D.H. does not address the error as one related to Section 54.03(b). 
3. Juvenile proceedings are civil in nature. Tex. Fam. Code Ann. § 51.13 (Vernon Supp.
2008). Despite the civil nature of juvenile proceedings, the Texas Supreme Court has recognized
a juvenile's right to the essentials of due process and fair treatment. In re B.P.H., 83 S.W.3d 400,
405 (Tex. App.--Fort Worth 2002, no pet.). The Texas Supreme Court looks to authority from the
Texas Court of Criminal Appeals for guidance on issues of preservation of error. See In re C.O.S.,
988 S.W.2d 760 (Tex. 1999); In re D.I.B., 988 S.W.2d 753 (Tex. 1999). Again, prior to the
enactment of Section 54.03(i), error associated with the trial court's failure to provide required
admonishments was treated as fundamental error to which no objection was required. We note that
the error alleged here is characterized differently and was not briefed in terms of Section 54.03. 
4. Consistent with our conclusion in the instant case, this Court has concluded that, within the
context of juvenile probation revocation hearings, a due process complaint must have been raised
before the trial court to preserve the error for appellate review. See In re J.L.D., 74 S.W.3d 166, 169
(Tex. App.--Texarkana 2002, no pet.). 
5. Looking again at the closely related issue of failure to warn in strict compliance with a
Section 54.03(b) admonishment, the Texas Supreme Court explained that error associated with
Section 54.03 was not the type of error that defied analysis:


 Nor is the "data . . . insufficient" to conduct a meaningful analysis of harm in this
case. D.I.B. pleaded "not true" to the allegations against her; she presented a defense;
and she was found to be a delinquent. There is no indication that, had D.I.B. known
of the potential uses of the record of an adjudication in juvenile court, she would
have been able to avoid an adjudication of delinquency. Nor is there any evidence
that she was offered and would have accepted an agreement to plead to an offense
other than murder as the basis for her adjudication. Absent a showing that the trial
court's failure to give the required explanation may have affected the adjudication or
the basis for it, the error was harmless.


D.I.B., 988 S.W.2d at 759. The court further explained that harm may be shown by proof that the
juvenile could and would have entered into a plea agreement with the State based on a lesser offense
if he or she had been properly admonished. C.O.S., 988 S.W.2d at 768. Such considerations lend
themselves to harm analysis of the error alleged here.