No. 04-01-00686-CV



IN THE MATTER OF R.J.C.


 


From the 317th Judicial District Court, Jefferson County, Texas


Trial Court No. 8820-J


Honorable Larry Thorne, Judge Presiding



Opinion by: Sandee Bryan Marion, Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: September 11, 2002


AFFIRMED

 The State of Texas filed an Original Petition against R.J.C. alleging four counts of sexual
assault. A jury found that all allegations were true and that R.J.C. was a delinquent child. At the
disposition hearing, the court committed R.J.C. to the care, custody, and control of the Texas Youth
Commission. On appeal, R.J.C. argues that the trial court committed reversible error when it failed
to admonish him in accordance with section 54.03(b) of the Texas Family Code. We hold that
because R.J.C. did not object to the trial court's failure to admonish him, he did not preserve his
complaint for our review. Accordingly, we affirm the trial court's judgment.


Discussion

 R.J.C. asserts that the trial court's failure to admonish him in accordance with section
54.03(b) amounted to fundamental error. Section 54.03(b) of the Texas Family Code requires the
trial court to give certain admonishments to a juvenile, his parent, guardian, or guardian ad litem at
the beginning of an adjudication hearing. See Fam. Code Ann. § 54.03(b) (Vernon Supp. 2002).
In particular, the court must explain the allegations made against the child; the nature and possible
consequences of the proceedings, including the law relating to the admissibility of the record of a
juvenile court adjudication in a later criminal proceeding; the child's privilege against self
incrimination; the child's right to a trial and to confront witnesses; the child's right to representation
by an attorney if he is not already represented; and the child's right to trial by jury. Id. These
admonishments are to protect juveniles by ensuring they understand the nature of the judicial
proceedings against them. In re J.D.C., 917 S.W.2d 385, 386 (Tex. App.--Houston [14th Dist.]
1996, no writ). If a trial court does not admonish the juvenile under section 54.03(b), the juvenile's
attorney must object either before testimony begins or, if the adjudication is not contested, before the
juvenile pleads to the petition or agrees to a stipulation of evidence. Id. § 54.03(i); In re C.O.S., 988
S.W.2d 760, 763-64 (Tex. 1999); In re L.A.S., 981 S.W.2d 691, 692 (Tex. App.--Houston [1st
Dist.] 1998, no pet.). 

 Here, R.J.C. insists that the court's failure to admonish him was fundamental error and no
objection was necessary to preserve his complaint for appeal. But to advance this argument, R.J.C.
incorrectly relies on authority that predates the 1997 amendment to section 54.03. Section 54.03(i),
which became effective September 1, 1997, now requires an objection to preserve error for appellate
review. Id. § 54.03(i). Section 54.03(i) is applicable here because the conduct at issue occurred in
February 2001, well after the effective date of the amendment. Id. R.J.C. did not object to the trial
court's failure to admonish him either at the beginning of the adjudication hearing or later when the
court explained the allegations to R.J.C. and accepted his denial. In fact, at that time, the trial court
asked R.J.C.'s counsel if there was anything it had not covered or needed to cover and his counsel
responded that there was nothing else to address. R.J.C. had at least two opportunities to object to
the court's failure to comply with section 54.03(b), but he failed to do so. Accordingly, we hold that
R.J.C.'s complaint was not preserved for our review, and we overrule his sole issue on appeal.

Conclusion

 We affirm the trial court's judgment.



 Sandee Bryan Marion, Justice

DO NOT PUBLISH