**In the Matter of T.W.C., Appellant.**

**No. 01–06–01150–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 24, 2008.

Mark B. Jones, Perry R. Stevens, Angleton, TX, for Appellant.

Jeri Yenne, Criminal District Attorney, Joseph Kyle Verret, Brazoria County District Attorneys Office, Angleton, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices JENNINGS and BLAND.

## OPINION

SHERRY RADACK, Chief Justice.

T.W.C., a juvenile, was adjudicated for engaging in delinquent conduct by commit-

ting an aggravated assault.[1] Pursuant to a plea bargain with the State, the trial court assessed punishment at a six-year determinate sentence probation. In this appeal, we consider whether appellant's plea was involuntary in light of an erroneous admonishment given him by the trial court. We reverse and remand.

### Erroneous Admonishment

Appellant contends that his plea was involuntary because the trial court erroneously informed him that the maximum punishment he could receive in the case was 40 years' punishment. At the initial setting for appellant's adjudication, the trial court admonished appellant as follows:

> You are here today because the State has filed a petition alleging delinquent conduct against you with an additional proviso of requesting a determinate sentence. A consequence of that petition if I find it to be true could be to place you on probation inside or outside of your home, or I could place you with the Texas Youth Commission or send you to the Youth Commission, then at age 18 cause a review to be had in order to determine whether to send you home or to the Texas Department of Criminal Justice Institutional Division for up to 40 years. You understand that?

Both appellant and the State indicated that they were not ready to proceed with adjudication, so the trial court continued the hearing. When the hearing resumed a week later, the trial court again admonished appellant as follows:

> [Appellant], you are here today because the State has filed a petition against you alleging delinquent conduct and for determinate sentencing, is my understanding. .... A consequence of that petition if I find it to be true could be to put

you on probation inside or outside of your home or commitment to run out of the Texas Youth Commission into the Texas Department of Criminal Justice Institutional Division. In other words, prison. That could go up to 40 years. Do you understand that?

"The Family Code requires a trial court to give certain explanations to a juvenile who is accused of criminal conduct that could result in an adjudication of delinquency." *In re D.I.B.*, 988 S.W.2d 753, 755 (Tex.1999). Relevant to this case, the Family Code provides:

> (b) At the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or guardian ad litem:
>
>> (2) the nature and possible consequences of the proceeding, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding.

TEX. FAM.CODE ANN. § 54.03(b)(2) (Vernon Supp.2007). Appellant alleges, and the State concedes, that the trial court's statements regarding a possible 40–year punishment were incorrect. Appellant was charged with aggravated assault, a second degree felony. *See* TEX. PEN.CODE ANN. § 22.02 (Vernon Supp.2007). Under the Family Code, in a determinate sentence situation, the maximum punishment that a juvenile can receive for a second degree felony is 20 years. *See* TEX. FAM.CODE ANN. § 54.04(a)(B) (Vernon Supp.2007). Nevertheless, the State argues that appellant failed to preserve error. Thus, the issues we decide are whether (1) appellant was required to object to the erroneous admonishment; and (2) the effect of the erroneous admonishment, *i.e.*, whether appellant's plea was involuntary because of it.

---

1. *See* TEX. PEN.CODE ANN. § 22.02 (Vernon Supp.2007).

### Is it necessary to object to an erroneous admonishment?

■ Though the State has conceded error, it nonetheless argues that appellant has failed to preserve the error for appeal because he did not object to the erroneous admonition at trial. Specifically, the State relies on section 54.03(i) of the Family Code, which provides:

> In order to preserve for appellate or collateral review the failure of the court to provide the child the explanation required by Subsection (b), the attorney for the child must comply with Rule 33.1, Texas Rules of Appellate Procedure, before testimony begins or, if the adjudication is uncontested, before the child pleads to the petition or agrees to a stipulation of evidence.

TEX. FAM.CODE ANN. § 54.03(i) (Vernon Supp.2007).

Rule 33.1 of the Texas Rules of Appellate Procedure requires that, as a prerequisite for presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion and was ruled on by the trial court, or that the trial court refused to rule. *See* TEX.R.APP. P. 33.1.

■ Prior to the enactment of section 54.03(i) of the Family Code, no objection was required to preserve error regarding the omission of the required juvenile admonishments. *See In re C.O.S.*, 988 S.W.2d 760, 767 (Tex.1999). Since the enactment of section 54.03(i), it has been applied to require an objection to an omitted or incomplete admonishment. *See In re C.C.*, 13 S.W.3d 854, 859–60 (Tex.App.-Austin 2000, not pet.). However, we can find no cases holding that an objection is required to preserve error regarding an *erroneous* admonishment.[2]

Indeed, the express language of section 54.03(i) shows that it applies to "the *failure* of the court to provide the child the explanation required [by the statute]." (Emphasis added). In this case, the trial court did not fail to provide the child with the required information. The trial court admonished the child, but the information conveyed in the admonishment was not a correct statement of the law.

"The purpose of these admonishments is to 'assist children, who are too inexperienced and unskilled to fully understand the nature of juvenile proceedings and the possible consequences thereof.'" *In re A.D.D.*, 974 S.W.2d 299, 304 (Tex.App.-San Antonio 1998, no pet.) (quoting *In re A.L.S.*, 915 S.W.2d 114, 116 (Tex.App.–San Antonio 1996, no pet.)). A further purpose of the admonishments in a juvenile adjudication hearing is to ensure the voluntariness of the juvenile's plea. *D.R.H. v. State*, 966 S.W.2d 618, 621 (Tex.App.-Houston [14th Dist.] 1998, no pet.). The purpose of the juvenile admonishments would not be furthered by requiring the child to object when the trial court gives an admonishment that is not a correct statement of the law. Under these circumstances, and in light of the specific language of section 54.03(i), we conclude that the section does not apply, and no objection was required to raise the issue of the erroneous admonishment on appeal.

### How does an erroneous admonishment affect the voluntariness of a guilty plea?

■ Thus, we turn to the issue of what effect, if any, the erroneous admonishment

---

2. We note that in adult criminal cases, no objection is required to preserve error based on a trial court's failure to properly admonish a defendant. *See Bessey v. State*, 239 S.W.3d 809, 812–13 (Tex.Crim.App.2007). The reasoning for this is that only a person who knows about an admonishment requirement, and thus does not need the admonition, would be in a position to object to the absence of the admonition. *See id.* at 815 (Johnson, concurring).

had on appellant's plea. Because juvenile proceedings are quasi-criminal in nature, *see In re M.A.F.*, 966 S.W.2d 448, 450 (Tex.1998), we find it appropriate to consider analogous cases in similar adult criminal proceedings. *See In re D.I.B.*, 988 S.W.2d 753, 757 (Tex.1999) (considering Court of Criminal Appeals decisions in adult cases to determine whether failure to provide admonishments in juvenile proceeding is subject to harmless error review).

The Code of Criminal Procedure requires that, prior to accepting a plea of guilty or nolo contendere, the trial court shall admonish the defendant, among other things, of the range of punishment attached to the charged offense. Tex.Code Crim. Proc. art. 26.13(a)(1) (Vernon Supp. 2007).[3]

In *Robinson v. State*, 739 S.W.2d 795, 801 (Tex.Crim.App.1987), the court held that when the trial court delivers an incorrect admonishment as to the range of punishment, but the actual sentence falls within both the actual and misstated range, the trial court's admonishment substantially complies with article 26.13. *Id.*

▮ A trial court's substantial compliance with article 26.13 in admonishing a defendant constitutes a prima facie showing that the defendant's guilty plea was entered freely and voluntarily. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex.Crim. App.1998); *Grays v. State*, 888 S.W.2d 876, 878 (Tex.App.-Dallas 1994, no pet.). The burden then shifts to the defendant to show that he was unaware of the consequences of his plea such that he suffered harm. *Martinez*, 981 S.W.2d at 197;

*Grays*, 888 S.W.2d at 878. Such a showing requires more than "a bare, subjective assertion" in his appellate brief that the defendant did not know the correct range of punishment. *Grays*, 888 S.W.2d at 879. Instead, the record must demonstrate the defendant's lack of comprehension of the proper punishment range and the manner in which he was misled or harmed. *Id.* In many cases, the record on direct appeal will be insufficient to meet this burden. *See Martinez*, 981 S.W.2d at 197 ("The only support in the record for appellant's contention that his plea was involuntary is the incorrect admonishment form. The record contains no evidence which tends to indicate that appellant was actually harmed or misled in making his determination to enter a guilty plea."); *Grays*, 888 S.W.2d at 879 ("[T]here is nothing in the record before us indicating appellant did not know the true range of punishment for the offense charged.") ("Nothing in the record before us indicates appellant was misled by the trial court's admonishment into making a guilty plea and foregoing another choice that potentially could have resulted in a more favorable sentence.")

In this case, the trial court's admonishment to appellant that he faced 40 years' punishment, though incorrect, substantially complied with section 54.03(b)(2) because the punishment assessed—6 years—fell within the actual range of punishment and the misstated range of punishment. *See Robinson*, 739 S.W.2d at 801. Thus, the burden shifts to appellant to show that his plea was involuntary. *See Martinez*, 981 S.W.2d at 197.

---

3. We note that Code of Criminal Procedure article 26.13(a)(1) specifically requires an admonishment as to the range of punishment, whereas Family Code section 54.03(b)(2) requires more generally that the court admonish the child on "the nature and possible consequences of the proceeding." We do not decide whether 54.03(b)(2) always requires a specific admonishment as to the range of punishment. Instead, we consider only the effect, if any, of an erroneous admonishment as to the range of punishment.

In this case, there is more than "a bare, subjective assertion" in appellant's brief regarding the involuntariness of his plea. Appellant filed a pro se motion for new trial alleging that he was innocent and that his attorney told him that if he did not plead guilty he would get "15 years and at the most 40 years." The trial court held a hearing on appellant's motion for new trial. At the hearing, appellant testified that his attorney[4] told him that he faced 40 years' punishment and that he would not have pleaded guilty if he had known that he actually faced a lesser penalty. Appellant testified that he pleaded guilty because he was afraid that, if he did not, his attorney would quit and appellant would then get up to 40 years from the judge.

Thus, unlike the defendant in *Grays,* there is affirmative evidence in this record that appellant did not know the true range of punishment for the charged offense. *See* 888 S.W.2d at 879. This evidence is not contradicted. In fact, at the motion for new trial hearing, appellant's trial counsel testified, "I don't remember telling him a maximum. The only number I ever told him was the 15 years [that the State had indicated it would seek if appellant went to trial]. As a matter of fact, the first time I ever heard of the maximum is when I was conferring with his newly-appointed attorney." Thus, the only evidence in the record shows that appellant believed that he faced 40 years' punishment, and that he was never told, either by the court or his own attorney, that he actually faced only 20 years' punishment.

Further, unlike the defendant in *Grays,* there is affirmative evidence in this record that appellant's misunderstanding of the range of punishment caused him to forego "another choice that potentially could have resulted in a more favorable sentence."

*See Grays,* 888 S.W.2d at 879. Specifically, appellant testified that he would not have pleaded guilty had he known that he faced a lesser penalty.

This case is like *Ex parte Smith,* 678 S.W.2d 78 (Tex.Crim.App.1984). In *Smith,* the defendant was admonished that he faced between two and 20 years' punishment and a fine not to exceed $10,000, when he actually faced between two and 10 years' punishment and a fine not to exceed $5000. 678 S.W.2d at 79. At a habeas corpus hearing, appellant presented uncontroverted evidence that he would not have entered the plea bargain if he had known that the maximum penalty he faced was one half of what he was told. *Id.* Based on this evidence, the court found that Smith had met his burden of proving that his guilty plea was not knowingly and voluntarily entered. *Id.* at 79–80.

Based on the record before us, we hold that, like the defendant in *Smith,* appellant has met his burden of showing that he was misled by the trial court's admonishment that he faced 40 years' punishment and that, but for his misunderstanding as to the true range of punishment, he would not have entered a guilty plea. Accordingly, we sustain appellant's second issue on appeal. In light of our disposition, we need not decide whether appellant also received ineffective assistance of counsel, and we decline to do so.

## Conclusion

We reverse the judgment of the trial court and remand the cause for further proceedings.

---

**4.** The motion for new trial alleged ineffective assistance based upon appellant's assertion that trial counsel also misinformed him as to the appropriate range of punishment.