

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-07-00145-CV
_____

IN THE MATTER OF C.D.H., A JUVENILE

On Appeal from the County Court at Law
Cass County, Texas
Trial Court No. 07-J-015

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

C.D.H., a juvenile, waived his right to a jury trial, and the trial court found that C.D.H. engaged in delinquent conduct. The trial court then committed C.D.H. to the Texas Youth Commission (TYC) for an indeterminate sentence not to exceed his nineteenth birthday.

## I.    Background

Three boys, one of which was C.D.H., approached two younger boys walking in Atlanta, Texas. C.D.H. held a toy gun to the head of one of the boys and demanded money and a lighter. The younger boy, not knowing that the gun was a toy gun, threw some change and the lighter toward C.D.H. C.D.H. hit one of the younger boys in the face, and the two younger boys ran away.

Based on this conduct, the State filed its petition alleging delinquent conduct. Prior to the beginning of the adjudication proceeding and after explaining the allegations against C.D.H., the trial court admonished C.D.H. of the nature of the proceedings and the possible range of punishment:

> Okay. The nature of this proceeding is to determine whether or not you are a juvenile who has engaged in delinquent conduct. A possible consequence of this proceeding is that you could be committed to the Texas Youth Commission where they're authorized by law to keep you until your eighteenth birthday.

C.D.H.'s trial counsel did not object to this admonition.

After hearing testimony, the trial court found that C.D.H. did engage in delinquent conduct by committing the felony offense of robbery in violation of Section 29.02 of the Texas Penal Code and the misdemeanor offense of assault in violation of Section 22.01(a)(1) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2008), § 29.02 (Vernon 2003). The trial

2

court then sentenced C.D.H. to an indeterminate sentence in the custody of the TYC not to exceed his nineteenth birthday.[1] No objection was made when the trial court pronounced its disposition.

C.D.H. contends that he has a fundamental right to be sentenced in accordance with the trial court's admonishment. Disposition that does not mirror the admonition, then, runs afoul of his federal and state constitutional rights to due process and due course of law. The record clearly establishes that trial counsel lodged no objection to the trial court's admonition or disposition. C.D.H., then, is forced to address the issue of preservation of error and convince this Court that the error of which he complains is properly before this Court. First, he argues, the error is structural or systemic in nature, making it immune from preservation and harm analysis requirements. Alternatively, he contends the error is fundamental error to which no objection is necessary. We conclude the error alleged is neither and, therefore, was not preserved for our review.

## II.     Not Structural or Systemic Defect

The United States Supreme Court has mandated that certain federal constitutional errors labeled as "structural" are not subject to a harmless error analysis. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006) (erroneous deprivation of right to counsel of choice is

---

[1]When a juvenile court imposes an indeterminate sentence, it may only commit the child to the custody of the TYC, and the TYC must release the child no later than his or her nineteenth birthday. TEX. FAM. CODE ANN. § 54.04(d)(2) (Vernon Supp. 2008); TEX. HUM. RES. CODE ANN. § 61.084(e) (Vernon Supp. 2008). When the trial court imposes an indeterminate sentence for a child who committed aggravated assault, the term of confinement in a TYC residential facility ranges from twelve months to the child's nineteenth birthday. TEX. HUM. RES. CODE ANN. § 61.084(e); 37 TEX. ADMIN. CODE § 85.23(d)(3) (2008) (Tex. Youth Comm'n, Classification); 37 TEX. ADMIN. CODE § 85.25(d)(3) (2008) (Tex. Youth Comm'n, Classification, Minimum Length of Stay).

structural error because it has "necessarily unquantifiable and indeterminate" consequences); *Sullivan v. Louisiana*, 508 U.S. 275 (1993) (improper jury instruction on proof beyond reasonable doubt not susceptible to harmless error analysis); *Garrett v. State*, 220 S.W.3d 926, 931 (Tex. Crim. App. 2007); *Johnson v. State*, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005) (discussing types of errors held to be structural by United States Supreme Court); *see also Cain v. State*, 947 S.W.2d 262, 264 n.5 (Tex. Crim. App. 1997); *Matchett v. State*, 941 S.W.2d 922, 927 (Tex. Crim. App. 1996). Except for those certain federal constitutional errors so labeled, no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis. *Cain*, 947 S.W.2d at 264. Harmless error analysis does not apply to a constitutional error that constitutes a "structural defect" in the trial process.

Simply put, we find no authority that would suggest that error associated with a right to be sentenced in accordance with the trial court's admonishment required by Section 54.03(b) of the Texas Family Code is the type of error that can be characterized as a structural or systemic defect such that it would escape harmless error analysis. TEX. FAM. CODE ANN. § 54.03(b) (Vernon Supp. 2008).

## III.    Not Fundamental Error

Further, the error alleged here[2] is not immune from the requirement that it be preserved for our review.  The Texas Court of Criminal Appeals[3] has consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence, even when the error may concern a defendant's constitutional rights.  *See Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002).  All but the most fundamental rights may be forfeited if not insisted upon by the party to whom they belong.  *See Saldano*, 70 S.W.3d at 887.  An exception

---

[2]The Texas Family Code requires the judge to explain to the child certain information at the beginning of an adjudication hearing.  TEX. FAM. CODE ANN. § 54.03(b).  One of the requirements is the judge is to explain the "nature and possible consequences of the proceedings."  *Id*.  C.D.H. does not rely on Section 54.03, but makes only a constitutional argument.  At one time, the failure to give the explanations in Section 54.03 did not have to be preserved for appeal by an objection, but later section (i) was added requiring preservation.  TEX. FAM. CODE ANN. § 54.03(i) (Vernon Supp. 2008).  The Houston–First Court has read Section 54.03(i) as applicable only to omitted (as opposed to erroneous) admonishments, relying on the rule prior to the enactment of Section 54.03(i) that no objection was required to preserve error regarding the omission of the required juvenile admonishments.  *See In re T.W.C.*, 258 S.W.3d 218, 221 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *In re C.O.S.*, 988 S.W.2d 760, 767 (Tex. 1999)).  *But see In re L.A.S.*, 981 S.W.2d 691, 692 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (concluding that, even if Section 54.03(b) admonishment were inadequate, any error associated with the admonishment was not preserved as required by Section 54.03(i)).  C.D.H. does not address the error as one related to Section 54.03(b).

[3]Juvenile proceedings are civil in nature.  TEX. FAM. CODE ANN. § 51.13 (Vernon Supp. 2008).  Despite the civil nature of juvenile proceedings, the Texas Supreme Court has recognized a juvenile's right to the essentials of due process and fair treatment.  *In re B.P.H.*, 83 S.W.3d 400, 405 (Tex. App.—Fort Worth 2002, no pet.).  The Texas Supreme Court looks to authority from the Texas Court of Criminal Appeals for guidance on issues of preservation of error.  *See In re C.O.S.*, 988 S.W.2d 760 (Tex. 1999); *In re D.I.B.*, 988 S.W.2d 753 (Tex. 1999).  Again, prior to the enactment of Section 54.03(i), error associated with the trial court's failure to provide required admonishments was treated as fundamental error to which no objection was required.  We note that the error alleged here is characterized differently and was not briefed in terms of Section 54.03.

5

applies to two "relatively small" categories of errors: (1) violations of waivable-only rights; and (2) denials of absolute, systemic requirements. *See Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003); *Saldano*, 70 S.W.3d at 888.

Examples of rights that are waivable only include the right to the assistance of counsel, the right to trial by jury, and a right of appointed counsel to have ten days of trial preparation that a statute specifically made waivable only. *Aldrich*, 104 S.W.3d at 895. A waivable-only right cannot be forfeited by a party's inaction alone; a defendant must take affirmative action to waive such a right. *See Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007).

In *Bessey,* the Texas Court of Criminal Appeals held that a proper admonishment in an adult guilty plea was waivable only because the court has a statutory duty to properly admonish defendants as described by Article 26.13. "A law that puts a duty on the trial court to act sua sponte, creates a right that is waivable only. It cannot be a law that is forfeited by a party's inaction." *Id.* (quoting *Mendez*, 138 S.W.3d at 343). Thus, a court's failure to properly admonish a defendant cannot be forfeited and may be raised for the first time on appeal unless it is expressly waived. By contrast, the statute requiring the trial court to explain the "possible consequences of the proceedings" in a juvenile adjudication hearing explicitly requires preservation of any failure of the trial court to provide the proper explanation.

While no precise rule has been announced for determining if a right is waivable only instead of forfeitable, it is important to be reminded of the reasons for requiring preservation of errors.

6

"Stated more broadly, objections promote the prevention and correction of errors. When valid objections are timely made and sustained, the parties may have a lawful trial." *Saldano*, 70 S.W.3d at 887. Here, if the trial court had been apprised of the misstatement of the law, the court could have promptly corrected it and cured any error. There is no evidence that the trial itself or the decision of the trial court was influenced in any manner by the trial court's misstatement. Further, the omission does not directly or adversely affect the interests of the public generally or bring disrespect to the judicial process. *See* Dix and Dawson, *Texas Practice: Criminal Practice and Procedure* § 42.252 (2d ed. 2001). We find that, if there is a right to be sentenced to the range of punishment previously announced by the trial court in a juvenile proceeding, it is not a right that is waivable only, but may be forfeited.

Absolute, systemic requirements include jurisdiction of the person, jurisdiction of the subject matter, and a penal statute's being in compliance with the "separation of powers" section of the state constitution. *See Aldrich*, 104 S.W.3d at 895. As discussed previously, there is simply no authority that would suggest that the type of error alleged here is in the nature of a systemic defect. The error alleged here, even though framed in terms of constitutional terms, does not fall within the exceptions that would excuse failure to lodge an objection in the trial court. It must have been raised in the trial court to preserve the issue for our review.[4]

---

[4]Consistent with our conclusion in the instant case, this Court has concluded that, within the context of juvenile probation revocation hearings, a due process complaint must have been raised before the trial court to preserve the error for appellate review. *See In re J.L.D.*, 74 S.W.3d 166, 169 (Tex. App.—Texarkana 2002, no pet.).

Even if we were to conclude that this error need not be preserved for our review, C.D.H.'s contention would fail in that he must, but cannot show harm from, the alleged error. C.D.H. pled not guilty, and the record does not show that C.D.H. suffered harm as a result of the trial court's initial misstatement of the range of punishment and subsequent sentencing that *might* go beyond the range initially pronounced.[5] The record would not demonstrate harm resulting from the error alleged.

## IV. Conclusion

The error alleged here was not preserved for our review and is not the type of error that is immune to preservation requirements. We are left then with the general rule regarding preservation of error: a party waives error unless the party preserves error for appeal by objecting in the trial

---

[5]Looking again at the closely related issue of failure to warn in strict compliance with a Section 54.03(b) admonishment, the Texas Supreme Court explained that error associated with Section 54.03 was not the type of error that defied analysis:

> Nor is the "data . . . insufficient" to conduct a meaningful analysis of harm in this case. D.I.B. pleaded "not true" to the allegations against her; she presented a defense; and she was found to be a delinquent. There is no indication that, had D.I.B. known of the potential uses of the record of an adjudication in juvenile court, she would have been able to avoid an adjudication of delinquency. Nor is there any evidence that she was offered and would have accepted an agreement to plead to an offense other than murder as the basis for her adjudication. Absent a showing that the trial court's failure to give the required explanation may have affected the adjudication or the basis for it, the error was harmless.

*D.I.B.*, 988 S.W.2d at 759. The court further explained that harm may be shown by proof that the juvenile could and would have entered into a plea agreement with the State based on a lesser offense if he or she had been properly admonished. *C.O.S.*, 988 S.W.2d at 768. Such considerations lend themselves to harm analysis of the error alleged here.

8

court.  *See* TEX. R. APP. P. 33.1.  Applying that general rule, the absence of an objection, either at the time of the admonishment or at the time the indeterminate sentence was pronounced, leads us to conclude that the alleged error is not before this Court.  We, therefore, overrule C.D.H.'s contention and affirm the adjudication and disposition of the trial court.

                           Jack Carter
                           Justice

Date Submitted:     October 8, 2008
Date Decided:       December 16, 2008