Opinion issued November 18, 2010



In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-09-00597-CR

———————————

JUNIOR
ARISTY RICHIEZ,
Appellant

V.

The State of Texas, Appellee



 



 

On Appeal
from the 248th District Court

Harris
County, Texas



Trial Court Case No. 1207048

 



 

MEMORANDUM OPINION

Appellant Junior
Aristy Richiez pleaded guilty without an agreed recommendation to possession of
a controlled substance, heroin, weighing more than 400 grams.[1]  The trial court assessed punishment at 12
years’ imprisonment.  Appellant brings a
single issue, contending his guilty plea was not voluntary and the trial court
erred in not allowing him to withdraw the plea. 
We affirm.

          The State originally indicted
appellant for delivery of a controlled substance, heroin, weighing more than
400 grams.  In connection with
appellant’s guilty plea, the State moved to reduce the offense to
possession.  During the punishment phase,
appellant testified that he was with his friend Justino Campaz when they
stopped at a gas station.  Appellant said
he went inside the station to play a video game and within five minutes the
police arrived and arrested both Campaz and him.  Appellant testified that he did not know that
Campaz had drugs or that a drug deal would take place at the gas station.  Appellant said he was aware that the
arresting officer said he had the drugs in his hands for a brief period of
time.  Appellant denied ever seeing any
heroin on the date of his arrest.

          Campaz testified at the punishment
phase that he did not tell appellant that he was going to the gas station to
sell drugs and that appellant did not handle any of the money or take the
heroin out of the bag.  According to
Campaz, appellant found out about the drug deal “[w]hen what happened
happened.”  He did not intend for
appellant to be involved in the drug deal. 
On cross-examination, Campaz denied that appellant took a kilo of heroin
from the car and gave it to him in the presence of an undercover police
officer.

          During his closing statement,
appellant’s counsel indicated that he was surprised by appellant’s testimony,
and he moved to withdraw the guilty plea. 
Appellant did not testify concerning why he previously pleaded guilty
and appellant’s counsel offered no explanation. 
The trial court denied the motion to withdraw the guilty plea.

          On appeal, appellant concedes the
record reflects that the trial court properly admonished him before accepting
his guilty plea.  See Tex. Code Crim. Proc.
Ann. art. 26.13 (Vernon Supp. 2010). 
If the record reflects that a defendant was properly admonished, there
is a prima facie showing that a guilty plea was entered knowingly and
voluntarily.  See Martinez v. State,
981 S.W.2d 195, 197 (Tex. Crim. App. 1998); In
re T.W.C., 258 S.W.3d 218, 222 (Tex. App.—Houston [1st Dist.] 2008, no
pet.).  A defendant may still raise the
claim that his plea was not voluntary; however, the burden shifts to the
defendant to demonstrate that he did not fully understand the consequences of
his plea such that he suffered harm.  Martinez, 981 S.W.2d. at 197; In re T.W.C.,
258 S.W.3d at 222.

          Nothing in the record indicates that
appellant did not understand the consequences of his guilty plea at the time
that he pleaded guilty.  Instead,
appellant argues that because he claimed he was innocent at the punishment
phase, it was “apparent that [he] truly desired to plead not guilty and present
a defense during a trial.”  Appellant
cites no authority for this proposition. 
See Fisher v. State, 104 S.W.3d 923, 924 (Tex. App.—Houston [14th
Dist.] 2003, no pet.) (holding trial court did not err in refusing to withdraw
defendant’s guilty plea merely because presentence investigation report raised
an issue as to defendant’s innocence).

          Accordingly, we overrule appellant’s
sole issue and affirm the judgment of the trial court.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]           See Texas Controlled Substances
Act, Tex. Health & Safety Code Ann.
§§ 481.102(2), .115(a), (f) (Vernon 2010).