**Affirmed; Opinion Filed August 20, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01199-CV

## IN THE MATTER OF M.S., A JUVENILE

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JD18-00363-X**

## MEMORANDUM OPINION
Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Myers

M.S., a juvenile, appeals the trial court's order of adjudication and judgment of disposition finding M.S. delinquent for the offense of assault causing bodily injury, in violation of section 22.01(A)(1) of the Texas Penal Code.

On June 28, 2018, the Dallas County District Attorney's Office filed a four-count petition regarding a child engaged in delinquent conduct against M.S., alleging she (1) intentionally or knowingly damaged or destroyed property (a motor vehicle) without the effective consent of the owner; (2) intentionally, knowingly, or recklessly caused bodily injury and used or exhibited a deadly weapon (a knife) during the commission of the assault; (3) intentionally, knowingly, or recklessly caused body injury to another; and (4) intentionally or knowingly used or exhibited a deadly weapon (a knife) to threaten another with imminent bodily injury.

The adjudication and disposition hearing was held on October 2, 2018. The State nonsuited counts 1, 3, and 4. The trial court accepted M.S.'s plea of true to the charge of assault causing

bodily injury, found M.S. delinquent, and ordered M.S. placed on probation for a period of one year in the custody of the Chief Probation Officer of the Dallas County Juvenile Department for placement at Lake Granbury Youth Services.

M.S. filed a notice of appeal. Her court-appointed counsel has filed an *Anders* brief on her behalf, concluding after a diligent review of the record that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967); *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding). In reviewing an *Anders* brief, our duty is to determine whether there are any arguable grounds for reversal and, if there are, to remand the case to the trial court for the appointment of new counsel. *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). The *Anders* brief filed by M.S.'s appellate counsel presents a professional evaluation of the record and concludes there are no arguable grounds for reversal.

We note that section 54.03(b) of the Texas Family Code provides:

(b) *At the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or guardian ad litem*:

(1) the allegations made against the child;

(2) the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding;

(3) the child's privilege against self-incrimination;

(4) the child's right to trial and to confrontation of witnesses;

(5) the child's right to representation by an attorney if he is not already represented; and

(6) the child's right to trial by jury.

Tex. Fam. Code Ann. § 54.03(b) (emphasis added); *In re M.C.S.*, 327 S.W.3d 802, 806 (Tex. App.—Ft. Worth 2010, no pet.); *In re T.W.C.*, 258 S.W.3d 218, 220 (Tex. App.—Houston [1st

Dist.] 2008, no pet.).

However, subsection (i) of section 54.03 also provides:

In order to preserve for appellate or collateral review the failure of the court to provide the child the explanation required by Subsection (b), the attorney for the child must comply with Rule 33.1, Texas Rules of Appellate Procedure, before testimony begins or, if the adjudication is uncontested, before the child pleads to the petition or agrees to a stipulation of evidence.

TEX. FAM. CODE ANN. § 54.03(i).

The record of the adjudication and disposition hearing shows that, at the beginning of the hearing, after defense counsel announced ready, the trial court took notice of the presence of the M.S.'s aunt, and she told the trial court that M.S.'s father had asked her to be present because his truck had broken down. The trial court went on to admonish M.S., who indicated she understood the admonishments and that she wanted to give up her right to remain silent and enter a plea of true to the charge. Defense counsel joined in the waiver. Afterwards, the trial court heard evidence and several witnesses testified.

The record shows that there was no complaint about the juvenile's father not being present, or about the sufficiency of the statutory admonishments more generally, prior to the taking of testimony. Thus, based on section 54.03(i), any complaint regarding the adequacy of the admonishments was not preserved, and there is no arguable issue on appeal. *See In re M.C.S.*, 327 S.W.3d at 806; *In re T.W.C.*, 258 S.W.3d at 220; *In re C.D.H.*, 273 S.W.3d 421, 424 n. 2 (Tex. App.—Texarkana 2008, no pet.).

On May 26, 2019, this Court sent M.S. a copy of the brief and notified her of her right to review the appellate record and file a pro se response. We told M.S. that if she desired to review the record and file a response, she should write this Court by April 10, 2019 and make such a request. We received no response. We have reviewed the entire record and the brief. The record does not reflect any arguable grounds for reversal, and we conclude M.S.'s appeal is frivolous and

without merit.

We affirm the trial court's judgment and the order of adjudication.

/Lana Myers/
LANA MYERS
JUSTICE

181199F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF M.S., A JUVENILE

No. 05-18-01199-CV

On Appeal from the 305th Judicial District Court, Dallas County, Texas
Trial Court Cause No. JD18-00363-X.
Opinion delivered by Justice Myers.
Justices Molberg and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 20th day of August, 2019.